<u>NOT FOR PUBLICATION</u>

**FILED**
JAMES J. WALDRON, CLERK

**FEB. 14, 2013**

U.S. BANKRUPTCY COURT
NEWARK, N.J.

BY: <u>s/ Zelda Haywood,</u> DEPUTY

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **In Re:**<br><br>**ASTORIA GRAPHICS, INC.,**<br><br>Debtor. | Case No.:   10-21948 (DHS)<br><br>Judge:   Donald H. Steckroth, U.S.B.J. |
| **JAY L. LUBETKIN, CHAPTER 7 TRUSTEE FOR ASTORIA GRAPHICS, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**ANTHONY BRUSCO CONSULTING and CONTENT CRITICAL, LLC,**<br><br>Defendants. | Adv. Pro. No.: 11-1915 (DHS) |

## <u>OPINION</u>

**APPEARANCES:**

Rabinowitz, Lubetkin & Tully, LLC
Laura E. Quinn, Esq.
293 Eisenhower Parkway, Suite 100
Livingston, New Jersey 07039
***Counsel for Plaintiff,***
***Jay L. Lubetkin, Chapter 7 Trustee***

Becker Meisel LLC
David J. Sprong, Esq.
354 Eisenhower Parkway
Eisenhower Plaza
Suite 1500
Livingston, New Jersey 07039
***Counsel for Defendant,***
***Content Critical, LLC***

**THE HONORABLE DONALD H. STECKROTH, BANKRUPTCY JUDGE**

Before the Court is a motion filed by Jay L. Lubetkin (the "Trustee" or "Plaintiff"), Chapter 7 Trustee for Astoria Graphics, Inc. (the "Debtor"), seeking summary judgment on preference related counts of the complaint ("Complaint") filed on June 6, 2011 as well as a cross-motion by Content Critical, LLC ("CC" or "Defendant") seeking summary judgment in its favor on all counts of the Trustee's Complaint ("Plaintiff's Motion" and "Defendant's Cross-Motion," respectively). The Complaint includes seven counts alleging that certain transfers are voidable pursuant to §§ 547, 548(a)(1)(A) and (B), the New Jersey Fraudulent Transfer Act, N.J.S.A. 25:2-25, made applicable herein by 11 U.S.C. § 544, and that the Trustee is entitled to recover the transfers pursuant to 11 U.S.C. § 550.

The Plaintiff argues that a voidable preferential transfer occurs when a purchaser of a debtor's assets assumes liabilities as part of the purchase price and makes payments on the assumed liabilities to a creditor of the debtor. Specifically, the Plaintiff contends that: (1) the right to receive consideration for the sale of its assets is an interest of the Debtor; (2) that interest is transferred to or for the benefit a creditor when a debt owed to that creditor was assumed by the purchaser of the Debtors assets, which then made payments directly to that creditor; (3) those payments were on account of an antecedent debt because payment had become due to the creditor; (4) the transfer occurs within 90 days of the filing of the involuntary chapter 7 petition; (5) the Debtor is insolvent pursuant to the presumption of insolvency under 547(f); and (6) the creditor receives more than it would have under a chapter 7 liquidation because it will receive 100% of payments owed to it.

The Defendant counters that: (1) its transfer was neither preferential nor fraudulent; (2) the Trustee cannot recover from CC until the transfer is deemed preferential; (3) even if an interest was preferentially transferred, CC is not the recipient of that interest; and (4) there are genuine issues of material fact due to the inaccurate assertions in the "undisputed facts" and inconsistencies in the Trustee's pleadings, and, therefore, summary judgment is inappropriate. Additionally, the Defendant's Cross-Motion seeks to dismiss Counts II and III of the Complaint, alleging fraud, for Plaintiff's failing to meet the pleading standards required by Federal Rule of Procedure 9(b).

Federal Rule of Civil Procedure 56 is made applicable to this proceeding pursuant to Federal Rule of Bankruptcy 7056. The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 1334(b), 157(a), and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984 as amended September 18, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E), (F), and (H). Venue is proper under 28 U.S.C. §§ 1408 and 1409(a). The following shall constitute the Court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

**FACTUAL BACKGROUND**

In January of 2006, the Debtor entered into a Guaranteed Consulting Agreement ("Brusco Contract") with Anthony Brusco Consulting ("Brusco"). (Certification of Laura E. Quinn ("Quinn Cert."), Ex. B) The Brusco Contract provides that Brusco was to provide

consulting services to the Debtor until such time that Butterfly Press, Inc. ("Butterfly") or Butterfly's designee shall acquire title to the Debtor's business location. (Quinn Cert., Ex. B, ¶¶ 2–3) Additionally, the Brusco Contract states that,

> BRUSCO shall be deemed to have irrefutably completed the provision of services contemplated hereby, earned the compensation to be paid to BRUSCO hereunder, and Entitled to payments hereunder, without setoff or abatement or defense as to payment of any kind, upon Butterfly or Butterfly's designee acquiring title to the Business Location under the terms of Butterfly's lease for the Business Location . . .

(Quinn Cert., Ex. B, ¶¶ 2–3)  The amount originally due under the Brusco Contract was $594,000 to be paid in $9,900 monthly installments. (Quinn Cert., Ex. B, ¶ 6)

In March of 2010, prior to its involuntary bankruptcy, the Debtor entered into an Asset Purchase and Sale Agreement with CC and other entities (the "APA"). (Plaintiff's Rule 56.1 Statement in Support of Motion for Summary Judgment ("Pl.'s Statement"), ¶ 5) It is alleged and undisputed that the Debtor was insolvent at this time. (Pl.'s Statement, ¶ 1; *see* Defendant's Cross-Motion for Summary Judgment ("Def.'s Motion")) Pursuant to the APA, the Debtor sold certain assets to CC. (Pl.'s Statement, ¶ 6) As consideration for the sale, and in addition to $470,000 paid to the Debtor in cash, CC assumed certain liabilities of the Debtor including the obligation to make payments to Brusco under the Brusco Contract. (Pl.'s Statement, ¶¶ 7–8) In relevant part, Article 1.3 of the APA provides that,

> [i]n consideration for the sale, assignment and delivery of the Purchased Assets under this Agreement: (a) Buyer shall pay to Sellers a purchase price of U.S. $470,000 (the "Cash Amount"); and (b) Buyer shall assume the Assumed Liabilities (as defined herein) (together with Cash Amount, the "Purchase Price").

(Quinn Cert., Ex. A, Article 1.3) Pursuant to Schedule 1.5 of the APA, "Assumed Contracts" included the Brusco Contract. (Quinn Cert., Ex. A, Schedule 1.5) At the time the Brusco Contract was assumed by CC, an aggregate of $227,200 remained due to Brusco for services rendered under the Brusco Contract. (Quinn Cert., Ex. A of Ex. A, ¶ 7)

On April 20, 2010 (the "Petition Date"), an involuntary petition was filed against the Debtor. Jay L. Lubetkin was appointed Chapter 7 Trustee on May 19, 2010. CC made a total of $128,700 in monthly payments to Brusco from the time the liability was assumed until February 15, 2011, when it received notice from the Trustee requesting that all such future payments be remitted to the Trustee. (Quinn Cert., Ex. D) CC has not made any payments since and is still liable to Brusco in the amount of $148,500 pursuant to the APA and Brusco Contract. (Pl.'s Statement, ¶¶ 20–21) By way of the Complaint and motion for summary judgment, the Trustee seeks to avoid the past payments totaling $128,700 as preferential and have future payments under the Brusco Contract and APA redirected to the Trustee for inclusion in the Debtor's estate. The Court has been advised that a settlement was reached between the Plaintiff and Brusco, and for that reason the Opinion does not address any relief the Trustee sought against Brusco.

4

## **DISCUSSION**

I.     **Summary Judgment Standard**

A court may grant summary judgment under Federal Rule of Civil Procedure 56(c), made applicable to adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7056, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* At the summary judgment stage, the role of the court "is not to weigh evidence, but to determine whether there is a genuine issue for trial." *Knauss v. Dwek*, 289 F. Supp. 2d 546, 549 (D.N.J. 2003) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The court must construe facts and inferences in a light most favorable to the non-moving party. *See Am. Marine Rail NJ, LLC v. City of Bayonne*, 289 F. Supp. 2d 569, 578 (D.N.J. 2003) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986)). "Only evidence admissible at trial may be used to test a summary judgment motion. Thus, evidence whose foundation is deficient must be excluded from consideration." *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 471 (3d Cir. 1989) (citations omitted).

The moving party must make an initial showing that there is no genuine issue of material fact. *See Knauss*, 289 F. Supp. 2d at 549 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The burden then shifts to the non-moving party to "'make a showing sufficient to establish the existence of [every] element essential to the party's case, and on which that party will bear the burden of proof at trial.'" *Cardenas v. Massey*, 269 F.3d 251, 254-55 (3d Cir. 2001) (questioned on other grounds) (quoting *Celotex Corp.*, 477 U.S. at 322). The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247-48 (emphasis in original). An issue of fact is "genuine" if a reasonable juror could return a verdict for the non-moving party. *See id.* at 248. Furthermore, a material fact is determined by the substantive law at issue. *See Crane v. Yurick*, 287 F. Supp. 2d 553, 556 (D.N.J. 2003) (citing *Anderson*, 477 U.S. at 248). A fact is "material" if it might affect the outcome of the suit under governing law. *Id.* Disputes over irrelevant or unnecessary facts are insufficient to defeat a motion for summary judgment. *Anderson*, 477 U.S. at 248 (citation omitted).

However, even if material facts remain disputed, summary judgment may be proper if, after all inferences are drawn in the non-moving party's favor, the moving party is entitled to judgment as a matter of law. *Id.* at 248-50. Such a judgment is appropriate "as a matter of law" when the non-moving party has failed to make an adequate showing on an essential element of his or her case, as to which he or she has the burden of proof. *See Celotex Corp.*, 477 U.S. at 322-23. When one party moves the court for summary judgment, Federal Rules of Civil Procedure 54(c) and 56, taken together, permit the court to enter summary judgment on behalf of the non-movant, even if the non-movant has not filed a cross-motion for summary judgment. *See Peiffer v. Lebanon Sch. Dist.*, 673 F. Supp. 147, 151-52 (M.D. Pa. 1987) (citation omitted). On the other hand, a court must deny a motion for summary judgment when a genuine issue of

material fact remains to be tried, or where the moving party is not entitled to a judgment as a matter of law.

## II.  Preferential Payments

Count I of the Complaint seeks to have the assumption of a contract by the Defendant and subsequent payments pursuant to that contract deemed preferential and, as such, voidable and turned over to the Trustee.[1] (Compl., ¶ 19)  Simply put, the Trustee's argument is that a voidable indirect preferential transfer occurs when a purchaser of assets assumes liabilities as part of the purchase price and makes payments on those liabilities to a creditor of the debtor. (Plaintiff Br., p. 10)  The Plaintiff relies on decisions from the Fifth, Seventh, and Ninth Circuits. *See e.g.*, *Sommers v. Burton (In re Conard Corporation)*, 806 F.2d 610 (5th Cir. 1986), *Warsco v. Preferred Technical Group*, 258 F.3d 557 (7th Cir. 2001), *Mordy v. Chemcarb, Inc. (In re Food Catering & Housing, Inc.)*, 971 F.2d 396 (9th Cir. 1992).  Furthermore, relying on *Conard*, the Plaintiff extends his argument to include future payments.  Lastly, the Plaintiff relies on § 547(f) of the Bankruptcy Code to establish insolvency at the time of the transfer.  Under § 547(f), the Plaintiff argues, there is a presumption of insolvency within 90 days of the petition date and that "[t]his presumption 'will suffice to prove insolvency during the Preference period if the creditor does not present some evidence showing that the debtor was solvent during that time.'"  (Pl.'s Br., p. 13) (citing *Zeta Consumer Products Corp. v. Equistar Chemical, LP*, 291 B.R. 336, 347 (Bankr. D.N.J. 2003))  The Defendant counters by stating that the transfer was not of an interest of the Debtor in property, it was not to or on behalf of a creditor, or on account of an antecedent debt. (Def.'s Br., p. 7–12)

Thus, the issue before the Court is whether payments made by a third-party purchaser to a creditor on the account of assumed liabilities in connection with an asset sale constitute voidable preferences under § 547(b) of the Bankruptcy Code.  Other courts have labeled such a transaction as an "indirect preferential transfer."

Section 547(b) states that the trustee may avoid the transfer of an interest of a debtor to or for the benefit of a creditor for or on account of an antecedent debt owed by the debtor, while the debtor was insolvent, that enables the creditor to receive more than it would have in a chapter 7 liquidation.  11 U.S.C. § 547(b).  It is undisputed, here, that the transfers at issue took place within 90 days of the petition while the Debtor was insolvent and that Brusco, a creditor, received more than it would have in a chapter 7 liquidation.  The remaining elements of § 547(b) are analyzed below.

---

[1] The Plaintiff's complaint also seeks to have a $9,900 payment made to Brusco just prior to the assumption of the Brusco Contract deemed a preferential payment.  The Defendant argues that (1) the Plaintiff fails to allege who actually made this payment, and (2) that the payment was made in connection with the APA and cannot be undone as it was a small portion of a larger transaction with multiple parties.  The Plaintiff makes clear in its reply brief, however, that this transfer involves a cause of action only against Brusco and is, therefore, irrelevant to the current motion.

    a.    **Whether there was a Transfer of an Interest of the Debtor in Property**

The Defendant contends that the interest transferred in the assumption of the Brusco Contract was not an interest in property, but rather a debt of the Debtor, and, therefore, only represents the transfer of a debt out of the estate. (Def. Br., ¶ 35) Significantly, the Defendant references a portion of the *Warsco* opinion that states,

> [p]roperty of the debtor subject to the preferential transfer provision is best understood as that property that would have been part of the estate had it not been transferred . . . [and] [c]ourts considering this element of the preference provision have focused on whether the transfer diminished the debtor's estate.

*Warsco*, 258 F.3d at 564–65 (internal citations omitted). However, the court in *Warsco* went on to state that,

> [w]hen a third party pays a creditor of the debtor after having purchased the debtor's assets, the fundamental question in determining whether that payment was property of the debtor is whether the funds used to make the payment were part of the purchase price for the assets . . . [and] if the funds the third party used to pay the creditor were consideration for the debtor's sale of its assets, then those funds would have been part of the debtor's estate and would have been available for distribution had they not been transferred to the creditor."

*Id.* at 565.

As raised by the Defendant, an issue may lie in the arguably inconsistent relief sought by the Plaintiff. The Complaint seeks a determination that the assumption of the Brusco Contract is a preferential transfer subject to avoidance and the same is echoed in the Plaintiff's Motion. The relief sought, however, in both the Complaint and the Plaintiff's Motion, seeks a determination that all amounts paid within 90 days of the bankruptcy filing, and future payments owed by CC to Brusco, are preferential. These payments represent the right to receive payments in connection with the asset sale. The Court acknowledges this is arguably inconsistent, but also that the Defendant's Cross-Motion similarly acknowledged and anticipated the same. Additionally, the Plaintiff clarified in supplemental pleadings and during oral argument that the transfer alleged to be a preference is the right to receive consideration in the amount of the debt assumed and paid by CC to the creditor. Therefore, this Court considers the right to receive payment as the transferred interest in its analysis.

While the decisions of other circuits are not binding on this Court, they are persuasive as the analysis and conclusions are consistent among the Fifth, Seventh, and Ninth Circuits. In *Warsco*, an agreement between the debtor and buyer of the debtor's assets included consideration in the form of cash and the assumption of liabilities. *Id.* at 561. In addition to the liabilities assumed, the buyer made payment to an unsecured creditor of the debtor to purchase a note

executed by the debtor. *Id.* The court addressed the issue of whether the buyer's payment to purchase the note as a condition for the asset purchase was avoidable as a preferential transfer of the debtor's interest in property. *Id.* at 564. It is significant that the condition for the purchase of the note from the debtor's unsecured creditor was a required term of the unsecured creditor and buyer, rather than the debtor. *Id.* at 561. The court noted that "[i]n those cases in which courts have held that a preference was given in the context of an asset sale, there is a fairly direct, traceable link between the consideration given for the debtor's assets and the funds used to pay the creditor." *Id.* at 565. The court ultimately denied summary judgment as it found the various payments involved in the transaction ambiguous and could not conclude that the contingency to purchase the note from the debtor's unsecured creditor was consideration for the asset sale. *Id.* at 568 (in light of other ambiguous portions of the transaction, the court noted that the purchaser suggested the interest of promoting future business with the debtor's creditors as reason to purchase the note separate and apart from the purchase of the assets). In dicta, however, the court provided an example of what could constitute an indirect preferential transfer:

> a debtor may sell its assets to a third party, and, as part of the purchase agreement, the third party may agree to assume the debtor's liabilities. When the third party subsequently pays a creditor of the debtor, courts have allowed the bankruptcy trustee to recover the payment as a preference. In such cases, the third party's assumption of the debtor's debt is consideration for the sale of the debtor's assets. The Debtor effectively transferred to the creditor its right to receive a portion of the sale price equal to the amount of the debt.

*Id.* at 565 (citing *In re Food Catering & Housing, Inc.*, 971 F.2d 396 (9th Cir. 1992), and *In re Conard Corp.*, 806 F.2d 610 (5th Cir. 1986)).

In *Conard*, the buyer of the debtors' business, as part of the purchase agreement, assumed the sellers' obligation to make monthly payments to a creditor. *Conard*, 8086 F.2d at 611. The trustee brought an action against the creditors asserting that the payments made by the buyer within the 90 days preceding the debtors' petition for relief as well as any future payments made by the purchaser were voidable as preferential transfers. *Id.* The sellers argued that the rights to receive payments under the purchase agreement were not property of the estate. *Id.* at 612. The court held that such an interest was property of the debtors' estate finding that "[a]s a result of executing the Assumption of Debt Agreement, the debtors transferred to the [creditor] the debtor's right to receive from [purchaser] so much of the sales price for the [business] as was needed to reimburse the [creditors] on their note." *Id.*

Here, the Court is faced with a case similar to that in *Conard*. As part of the asset sale, CC assumed the Brusco Contract, a liability in the hands of the Debtor. The value of the assumption to the Debtor was the value owed under the Brusco Contract, $287,000. If not for that assumption, the Debtor would have had the right to additional consideration in the amount of $287,000. As articulated in *Warsco* and *Conard*, this right, to receive consideration for the sale of assets to CC, was an interest of the Debtor in property and subject to treatment as a preferential transfer.

8

The Plaintiff notes the difference in the facts *sub judice* and *Warsco*. In *Warsco*, the court indicated that it found no "smoking gun" in the transaction, i.e., there was no clear evidence that the purchase price included assumed liabilities. A similar outcome resulted in *In re M Liquidating Corporation*, 2007 WL 4571090 (Bankr. D.N.J. Dec. 27, 2007), for similar reasons. Here, however, Article 1.3 of the APA identifies the smoking gun in this case. The APA itself makes clear that the purchase price of the assets included $470,000 in cash and that the Defendant "shall assume the Assumed Liabilities," defined to include the Brusco Contract dated January 30, 2006, under which the Debtor owed Brusco $287,000 of a $594,000 preceding obligation. As such, the interest in the case at bar squarely falls within the bounds of an interest of the debtor in property as there is a direct and traceable link between the consideration given for the Debtor's assets and the payments to Brusco.

### b.    Whether the Transfer Was To or For the Benefit of a Creditor

The Plaintiff asserts that, while the Brusco Contract was purchased by and transferred to CC, the right to receive consideration for the sale, was effectively transferred when CC assumed the liability and made payments directly to Brusco for that creditor's benefit. (Compl., ¶ 20; Pl.'s Br., p. 12) The Defendant counters that "[w]hen the transferee is not a creditor, or does not receive the transfer for the benefit of the creditor, the transfer is immune under section 547 as a preference." (Def.'s Br., ¶ 32 (citing 5 *Collier on Bankruptcy*, ¶ 547.03[3] n.69 (Alan N. Resnick & Henry J. Sommer eds. 16th ed.)) (emphasis in party's brief) The Defendant points out that CC was neither a creditor nor the recipient of any benefit by assuming the Brusco Contract and, similarly, that Brusco was a creditor at the time of the assumption but CC did not assume the Brusco Contract for the benefit of Brusco. (Def.'s Br., ¶¶ 31–33)

Here, there is no question, and the APA expressly states, that the payments to be made on the assumed liabilities were a part of the purchase price. These payments, but for the assumption of the Brusco Contract would have been paid to the Debtor, whether in cash or over time, become part of the estate upon the Debtor's subsequent bankruptcy filing, and been distributed to creditors per the Bankruptcy Code's distribution scheme. Instead, the payments were paid to Brusco, a general unsecured creditor of the Debtor. As a result of the transfer, Brusco was to receive 100% of the amount owed by the Debtor, more than would be received under chapter 7 liquidation of the Debtor's assets. As such, the transfer of the right to receive payment in connection with the sale of assets to CC was for the benefit of Brusco, a creditor of the Debtor.

### c.    Whether the Transfer was Made on Account of an Antecedent Debt

The Plaintiff claims that the transfer was on account of an antecedent debt because payment had become due to Brusco. Pursuant to the Brusco Contract, monthly payments were not due until the date after "Butterfly or Butterfly's designee acquired title to the 'Business Location.'" (Pl.'s Br., p. 12) The APA indicated that payments on the Brusco Contract had commenced with $287,000 remaining due and that at the time the APA was entered into, Brusco had fully performed all services. (Pl.'s Br., p. 12–13) The Plaintiff argues that this is an antecedent debt and that the transfer was made on its account. The Defendant counters that while it is undisputed that an antecedent debt existed between the Debtor and Brusco, the Plaintiff has not shown that the Debtor assigned the Brusco Contract to CC *on account of* that

9

antecedent debt and, alternatively, that the assumption of the Brusco Contract was only a small part of the entire transaction between the Debtor and Defendant, not made on the account of the antecedent debt.  (Def.'s Br., ¶¶ 38–39)

The Court has determined that the transferred interest was the right to receive consideration under the APA for the sale of assets to CC, which was clearly on account of an antecedent debt.  The Debtor owed Brusco monthly payments under the Brusco Contract.  Those payments represented an antecedent debt.  The assumption of the Brusco Contract by the Defendant effectively transferred the right to receive payments for the sale of assets to Brusco, and away from the Debtor's estate, in satisfaction of what was owed to Brusco by the Debtor under the Brusco Contract.  This is clearly on the account of an antecedent debt.

### III.    Inconsistent Relief Sought in the Pleadings

The Defendant argues that summary judgment should not be granted because there are genuine issues of material fact on the face of the pleadings because the Plaintiff's seeks relief not included in the Complaint.  (Def.'s Br., ¶ 63).  Specifically, the Defendant highlights that the Plaintiff's Motion sought relief:

>  (i) declaring that CC's assumption of the Brusco Contract (as defined below) was preferential;
>  (ii) awarding judgment against Brusco in the amount of $128,700 [(amount already paid to Brusco)];
>  (iii) declaring that no further payments be made by CC to Brusco;
>  (iv) awarding judgment against CC in the amount of $148,500 [(amount remaining on the Brusco Contract)]; and
>  (v) such other and further relief as the court deems just and equitable.

(Def.'s Br., p. 1), as compared to the Complaint which, according to the Defendant, seeks only to have two transfers deemed preferential:

>  (i) the $9,900 payment made to Brusco pursuant to the Brusco Contract between January 1, 2010 and March 8, 2010; and
>  (ii) the assumption of the Brusco Contract by CC.

(Def.'s Br., p. 1)  The Defendant argues that this inconsistency raises genuine issues of material fact, precluding summary judgment in favor of the Plaintiff.

The Court finds this argument unpersuasive.  In reviewing the Complaint, the WHEREFORE clause in Count I of the Complaint substantially contains the relief sought in the Plaintiff's motion.  It states,

WHEREFORE, the Trustee demands judgment against the Defendants as follows:

a) For an Order avoiding the Transfers pursuant to 11 U.S.C. §§ 547 and 550;
b) For an Order compelling Brusco to turn over to the Trustee the $9,900 Payment and the payments it has received to date from CC pursuant to the APA and under the Brusco Contact, together with interest and costs of suit;
c) For an Order Compelling Brusco to assign to the trustee all future payments due pursuant to the APA and under the Brusco Contract;
d) For an Order compelling CC to make all future payments due pursuant to the APA and under the Brusco Contract to the Trustee; and
e) For such other and further relief as this Court deems just and equitable.

(Compl., ¶ 26)   All other Counts against the Defendant include appropriately similar WHEREFORE clauses.  While the Complaint does not state the specific amounts, the pleading was more than sufficient to inform the parties of the basis of the claim and the relief sought and is consistent with the motion for summary judgment.  Summary judgment in favor of the Plaintiff will not be denied on this ground.

## IV.   Fraudulent Transfer Actions

The Defendant, by way of cross-motion, seeks summary judgment in its favor dismissing Counts II and III for fraud, as plead in the Complaint.  The Court notes that the Plaintiff's Motion does not seek summary judgment on these claims.  The premise of the Defendant's argument to dismiss these claims is that neither is plead with the level of specificity required by Federal Rule of Civil Procedure 9(b).

Bankruptcy Rule 7009(b) provides, "[i]n alleging fraud . . . a party must state with particularity the circumstances constituting fraud . . . ." FED. R. BANKR. P. 7009(b).  Rule 9(b) provides that "[i]n alleging fraud or mistake, *a party must state with particularity the circumstances constituting fraud or mistake*.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b) (emphasis added).  The heightened pleading requirement serves "to provide notice, not to test the factual allegations of the claim." *Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C.*, 331 F.3d 406, 414 n.2 (3d Cir. 2003).  The requirement is generally deemed satisfied by allegations of date, place, time, and manner, or by "alternative means of injecting precision and some measure of substantiation in [the] allegations of fraud." *Seville Indus. Machinery Corp. v. Southmost Machinery Corp.*, 742 F.2d 786, 791 (3d Cir. 1984); *In re Rockefeller Ctr. Props. Secs. Litg.*, 311 F.3d 198, 217 (3d Cir. 2002) (answering the "who, what, when, where and how" questions will satisfy the 9(b) requirement).

    a.    **Count II – Whether the Pleadings are Sufficient as to the Debtor's Intent to Hinder, Delay, or Defraud**

Count II of the Complaint alleges that the Debtor transferred to Brusco, within one year of the petition date, assets that belonged to the Debtor with the intent to hinder, delay, or defraud its creditors pursuant to § 548(a)(1)(A). (Compl., ¶¶ 28–29) The Plaintiff seeks a turnover of all property Brusco has received in connection with the interest transferred and an Order directing CC to direct all remaining payments to the Trustee. (Compl., ¶ 30) The Defendant argues that this count must be dismissed on summary judgment because the Plaintiff has "failed to allege anything <u>at all</u> about the particulars of the fraud and the 'actual intent to hinder, delay, or defraud,'" and, as such, has failed to meet the heightened pleading requirements of Rule 9(b). (Def.'s Br., ¶ 48)

Here, the Complaint sets forth the underlying facts surrounding the transaction that resulted in the transfer of the Debtor's interest for consideration under the APA, is specific as to the parties and timing, and alleges that it was with the intent to hinder, delay, or defraud. While there remains a dispute as to the Debtor's intent, it is factual in nature and therefore leaves a genuine issue of material fact to be determined. Therefore, the Defendant's Cross-Motion is denied insofar as it seeks a dismissal of Count II of the Complaint.

    b.    **Count III – Whether the Pleadings are Sufficient as to the Debtor's Receipt of Reasonably Equivalent Value**

Count III of the Complaint asserts a claim for fraud pursuant to § 548(a)(1)(B) for not receiving reasonably equivalent value in exchange for the interest transferred and seeks an Order (i) compelling Brusco to turn over payments it has received in connection with the APA and assign all future payments to the Trustee, and (ii) compelling the Defendant to make all future payments to the Trustee. (Compl., ¶¶ 32–33) The Defendant argues that the pleading requirements of Rule 9(b) are not met as it is difficult, if not impossible, to determine the details of this claim. (*see* Def.'s Br., ¶¶ 49–54)

As laid out in the facts of the Complaint, the APA was essentially a three party transaction among the Debtor, Defendant, and Brusco, a creditor of the Debtor. In certain statements of the Complaint it appears that the interest in property was the Brusco Contract. In other portions, it appears that the Plaintiff seeks a finding that the right to receive consideration under the APA was the interest transferred. Count III is particularly difficult to determine which interest was transferred to which party, the value received, and how it was quantified. While many issues were clarified by the Plaintiff in supplemental pleadings and during oral argument in terms of the causes of action to void the transfer as a preference, the clarification did not sufficiently address the inadequate pleadings for fraud under § 548(a)(1)(B). As such, summary judgment as to Count III is granted in favor of the Defendant.

**V.**    **Good Faith Transferee**

Count V of the Complaint seeks recovery of payments made and to be made by the Defendant under the Brusco Contract pursuant to § 550. The Defendant argues that the Plaintiff

has failed to allege that the Defendant was not a good faith transferee without knowledge and, therefore, the assumption of the Brusco Contract cannot be avoided pursuant to § 550(b)(2).

The Complaint seeks recovery of the payment amounts from Brusco as the recipient of the interest to receive payments for the sale of assets and the recipient of payments under the Brusco Contract from the Defendant pursuant to the APA. The WHEREFORE clause of Count V states that,

> The Trustee demands judgment against the Defendants as follows:
>
> (a) For an Order avoiding the Transfers pursuant to 11 U.S.C. §§ 548(a)(1)(B) and 550;
> (b) For an Order compelling Brusco to turn over to the Trustee the $9,900 Payment and the payments it has received to date from CC pursuant to the APA and under the Brusco Contract, together with interest and costs of suit;
> (c) For an Order compelling Brusco to assign to the Trustee all future payments due pursuant to the APA and under the Brusco Contract;
> (d) For an Order compelling CC to make all future payments due pursuant to the APA and under the Brusco Contract to the Trustee; and
> (e) For such other and further relief as this Court deems just and equitable.

(Compl., ¶ 43) The Complaint seeks the turnover of property transferred to Brusco and that which Defendant will pay to Brusco in the future. It is not at issue whether the Defendant acted in good or bad faith as it is not the transferee of an interest subject to turnover in this cause of action. The Defendant's only role would be to direct future payments to the Trustee instead of Brusco. For these reasons, the Defendant's argument that it is a good faith transferee does not prevent the granting of summary judgment in favor of the Plaintiff.

## VI.    Whether CC is a Proper Defendant and Subject to Section 550 of the Code

Finally, the Defendant argues that the Plaintiff is not entitled to recover the value of the transfers because it was not the recipient of any estate funds and any avoidance action would be more appropriately asserted against Brusco. (Def.'s Br., ¶¶ 67–68) Additionally, in the event that the Court deems the transfers preferential, the Defendant argues that § 550 limits the Plaintiff's relief to either avoid and recover the Brusco Contract or avoid and recover the payments pursuant to the assumption, but not both. (Def.'s Br., ¶ 70) Lastly, the Defendant argues that it is not an initial transferee, and, alternatively, if it is an initial transferee, then it acted in good faith and is, therefore, protected under § 550(b).

As has been discussed at length, the only relief sought from the Defendant is either an avoidance of the assignment of the Brusco Contract, in which case the value of the debt to Brusco should also be recovered from the Defendant to compensate for that portion of the

consideration for the sale of the Debtor's assets, or, alternatively, the Plaintiff seeks to have future payments that the Defendant would have paid to Brusco under the Brusco Contract directed to the Trustee so that it can become part of the estate for a pro rata distribution to creditors. In no scenario does the Defendant incur any additional loss. No additional property is sought from the Defendant and, therefore, this argument does not prevent summary judgment in favor of the Plaintiff.

## **CONCLUSION**

The Plaintiff's Motion to avoid the transfer of interest to Brusco is granted. As such, all payments not made and to be made by the Defendant pursuant to the Brusco Contract shall be remitted to the Trustee.

The Defendant's Cross-Motion is granted in part and denied in part. As to seeking summary judgment in the Defendant's favor on Count III, the Cross-Motion is granted. The Defendant's Cross-Motion is denied as to all other counts of the Complaint.

An Order in conformance with this Opinion has been entered by the Court and a copy attached hereto.

*s/ Donald H. Steckroth*

DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Dated: February 14, 2013